# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GEORGE H. BRISBANE, SR. | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-13-2001 |
| TIMOTHY STEWART | * | |
| Respondent | * | |

## MEMORANDUM OPINION

The above-captioned Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 was filed on July 10, 2013. ECF No. 1. For the reasons set out below, the Petition must be construed as a Motion to Vacate pursuant to 28 U.S.C. §2255 and dismissed for lack of jurisdiction.

Petitioner, an inmate confined at the Federal Correctional Institution (FCI) in Cumberland, Maryland, seeks "relief from his conviction and sentence" for distribution of cocaine hydrochloride in violation of 21 U.S.C. §841(B)(1)(C)(ii). ECF No. 1 at p. 1. Petitioner states his sentence was reduced following a remand by the United States Court of Appeals for the District of Columbia and claims the appellate court's decision contravenes the Supreme Court's decision in *DePierre v. United States*, 131 S. Ct. 2225 (2011). *Id.* In essence, he seeks to overturn the appellate court's decision.

The threshold question presented here is whether this claim is properly raised in a § 2241 habeas petition or is more properly construed as a Motion to Vacate under 28 U.S.C. §2255. A writ of habeas corpus pursuant to 28 U.S.C. §2241 and a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 are separate and distinct mechanisms for obtaining post-conviction relief. A § 2241 petition attacks the manner in which a sentence is executed. *See* 28

U.S.C. §2241(a). By contrast, a §2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc).

Although a federal prisoner generally may not seek collateral relief from a conviction or sentence by way of §2241, there is an exception under the so-called "savings clause" in § 2255[1] which provides a prisoner may seek relief under §2241 if the remedy under §2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. §2255. In *Jones*, the United States Court of Appeals for the Fourth Circuit held that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *Jones*, 226 F.3d at 333-34.

Petitioner has failed to assert grounds adequate to consider his petition under the savings clause in §2255. A §2255 motion is neither inadequate nor ineffective merely because an individual is unable to obtain relief under that provision. *See Jones*, 226 F. 3d at 333; *see also Vial*, 115 F. 3d at 1194, n. 5. A Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2241 is not available to circumvent the statutory limitations imposed on second or successive §2255 motions. *See id.*

---

[1] 28 U.S.C. §2255 provides in relevant part:
> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Petitioner's challenge to the validity of his conviction is therefore more appropriately considered under 28 U.S.C. §2255 as a Motion to Vacate. As Petitioner's conviction occurred in the United States District Court for the District of Columbia, this Court has no jurisdiction to consider the matter. Additionally, his attempt to gain review of the decision issued by the Court of Appeals for the District of Columbia in this Court is improper. Petitioner is reminded that if he should choose to bring this matter before the District of Columbia court he will be required to seek permission to file a successive motion before doing so.[2] A separate Order dismissing the Petition without prejudice and denying a Certificate of Appealability[3] follows.

July 16, 2013  _____/s/_____
Date  RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[2] A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. §2255.

[3] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir.2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)).